## CIVIL COMPLAINT

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION



Marya Kim Pham (pro se/ pauper),

Plaintiff,

v.

CASE NO: **4-26CV-611-0**

(To be assigned by Clerk)

UNITED AIRLINES, INC.,

and

ASSOCIATION OF FLIGHT ATTENDANTS-CWA (AFA),

Defendants.

CIVIL COMPLAINT (PRO SE)

PARTIES & VENUE

1. Plaintiff, Marya Kim Pham, is an individual residing at 3414 Mayflower Ct., Arlington, TX 76014. Phone: (682) 560-1210.

2. Defendant United Airlines, Inc. is an employer operating within this judicial district.

3. Defendant Association of Flight Attendants-CWA (AFA) is a labor organization representing employees within this judicial district.

4. Venue is proper in the Fort Worth Division because the discriminatory employment practices and omissions occurred within this geographic division (Arlington, Texas).

JURISDICTION

5. This action is brought pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

6. Plaintiff timely filed administrative charges of discrimination with the EEOC on July 31, 2025.

7. Plaintiff received EEOC Notice of Right to Sue Letters issued regarding these charges, signed on or about February 18, 2026, and is filing this action within the mandatory 90-day window.

STATEMENT OF FACTS

8. Plaintiff was employed as a Flight Attendant by United Airlines, Inc. beginning January 17, 2019. Throughout her medical treatments, Plaintiff maintained a consistent desire and willingness to work and return to active service whenever medically cleared. Her name is pronounced (Mary-ah) and she is named after the Holy Virgin Mary after the Hail Mary prayer.

9. Plaintiff is an individual with a qualifying disability under the ADA. Following a Pfizer vaccine mandated by Defendant United Airlines, Inc., Plaintiff developed Hodgkin's lymphoma, Guillain-Barré syndrome, and quadriplegia from the very beginning of her diagnoses. This quadriplegia subsequently worsened during chemotherapy treatments, and in 2023, her condition progressed into Chronic Inflammatory Demyelinating Polyneuropathy (CIDP). Due to the severity of this quadriplegia and her diagnoses, Plaintiff was forced to transition onto Social Security Disability (SSD) in 2023. Plaintiff subsequently underwent an autologous bone marrow transplant executed in April 2024. Plaintiff continues to live with quadriplegia and CIDP, which substantially limit all major life activities. Her condition is managed via ongoing, active home-based physical therapy rather than outpatient facilities, and has shown partial improvement.

9a. In 2021, a San Francisco-based supervisor where Plaintiff was initially based right after initial training in Houston placed an official, unused 3-month Special Unpaid Company-Offered Leave of Absence directly into Plaintiff's internal personal profile. Plaintiff was never formally notified of this placement (she looked when she was employed) and never received the benefits of this leave, leaving it completely unutilized. Plaintiff was placed on an unpaid leave of absence and returned in June 2023 at United coordinated by a Houston supervisor (who moved to Austin base a couple weeks after).

9b. In August 2023, a separate supervisor Linda de la Cruz based in Houston initiated a formal, multi-year unpaid medical leave of absence, providing Plaintiff with the understanding and relief that she could safely focus on her recovery and return to work in 2025. This 2023 notice outlined

a maximum timeline extending through late July 2025. Under the governing Joint Collective Bargaining Agreement (JCBA), Plaintiff also maintained unused absence points that she was contractually entitled to utilize in addition to the unused unpaid special COLA awarded in 2021.

9c. In April 2025, while continuing her home-based physical therapy, Plaintiff obtained and provided an official medical release to return to active work without restrictions. The return-to-work documentation explicitly stated that July 26, 2025, marked the conclusion of her medical absence, and that her official first day to return to active work without restrictions was July 27, 2025; thereby completely satisfying the requirements of the 2023 leave terms.

9d. Instead of reinstating Plaintiff or honoring her compliance to the JCBA, a separate, subsequent Houston supervisor, Ashlee Riegler and management team executed a fraudulent, silent termination of Plaintiff's employment without notice and used the 2023 letter by Lina de la Cruz as a pretext to wrongful termination. Plaintiff was never called or formally notified by management, despite her internal company profile being explicitly marked as private and positive contact with Plaintiff means to email or call (neither was given).

9e. Plaintiff only discovered she had been terminated on July 30, 2025, upon receiving an automated financial alert regarding a Fidelity 401(k) rollover notice triggered by her separation from the company. On July 31, 2025, Plaintiff was concerned (Return to Work Notice (RTW) was received by United on April 23 or 24, 2025) and immediately reached out to union and United via email to inquire about the unauthorized termination. The responding supervisor was

less than kind, called Plaintiff and left a voicemail and failed to rectify the administrative separation by further act of bad faith in email carbon copying Los Angeles Supervisor Betsy Gallo to act in bad faith in letter sent to Plaintiff mailing address and internal profile with severe excess to the problem (Plaintiff was never based at Los Angeles).

9f. The bad faith and administrative fraud of this termination are highlighted by conflicting corporate actions and contradictory dates. On August 4, 2025, Defendant United Airlines, Inc. issued an official Retirement Announcement Letter written by Senior Vice President John Slater (leaked on Facebook), which publicly exposed and detailed the deep toxicity within United Airlines' corporate culture. On that exact same day, August 4, 2025, the AFA Union issued an adverse, non-supportive letter on Facebook designed to retaliate against John Slater's announcement, completely abandoning their duty to protect Plaintiff.

9g. Concurrently, on August 4, 2025, Defendant United Airlines, Inc. mailed a physical letter of "Administrative Separation" to Plaintiff. This initial letter contained conflicting and fabricated dates, claiming she was terminated effective July 28, 2025, despite her oncologist's medical clearance to return on July 27, 2025 in her Return to Work (RTW) Notice of April 23 or 24, 2025. To further obfuscate the termination and construct a false record, United abruptly shipped new uniforms (in the correct size) to Plaintiff in September 2025 after her emails were left ignored following the separation, yet corporate management Ashlee Riegler completely ignored and refused to answer Plaintiff's follow-up emails in explaining the contradiction (even though

Plaintiff cried with relieved tears and requested any transfers of job availability prior though Plaintiff felt the supervising was dealt wrong in this case and her first month as supervisor).

9h. Further bullying by United occurred negatively affecting Plaintiff's health when United sent an invoice dated on Plaintiff's birthday (August 19th) for advanced salary of $1611.17 that was never detailed. A W2 form sent to Plaintiff's address on January 30, 2026, does not match the advanced payment invoice amount and Plaintiff never received the W2 amount listed. In February 2026, United threatened Plaintiff with a collections notice, and sent an invoice letter again on April 28, 2026, after Plaintiff answered to interview questions in United's initial April 2026 investigation wherein United HR has been very unhelpful since the termination of Plaintiff. United HR, United Medical, and United management is excess to the problem without providing resolution by answering differently, that is United HR on April 29, 2026 email to Plaintiff content in contrast to August 2025 (Plaintiff was ignored for several months since from United HR until after 35 pages of answers to interview questions were sent to United's Senior Investigator Jerrard (Jay) Smith). Additionally, Plaintiff never received any 5-year anniversary wings and still waiting for a welcome back like in 2023. The 5 year-anniversary wings with a diamond changed to sapphire gem since United changed policy that the Union contract doesn't specify about. Additionally, the Equal Employment Opportunity Commission (EEOC) scheduled the hearing on January 28, 2025, exactly 180 days from July 31, 2025. Plaintiff was hurt at the upsetting amount of bad faith from an excessive lack of any investigation by the EEOC, then in an email acted like Plaintiff could not file this case in Texas and coerced intimidatingly to file in Chicago. The EEOC wrote the Right to Sue letters and didn't want to put her name (Vanessa

W2 (2025) AMOUNT
$179 NEVER RECEIVED
ACCORDING TO
DIRECT DEPOSIT
CHASE BANK STATEMENTS
(2025) - HARASSMENT

Hetherington) on them with more than ten edits, and "typical" filing is in Chicago inferring Chicago leverage. Plaintiff signed the charges on February 18, 2026.

9i. The pervasiveness of this hostile environment and discrimination is further verified by the fact that a United Airlines Senior Discrimination and Harassment Investigator explicitly reached out externally to Plaintiff in April 09, 2026 to (Plaintiff asked for clarification how investigation started and waiting for findings and conclusion since email correspondence of Plaintiff sending again on May 07 and May 11, 2026, the Return to Work (RTW) Notice on April 23 or 24, 2025 and the last email received from United was May 11, 2026) start to investigate these ongoing systemic failures, yet no corrective action or reinstatement was offered, hence the standard federal filing of this complaint.

10. Defendant United Airlines, Inc. concurrently violated Title VII of the Civil Rights Act to an equal or even greater and more pervasive degree than the ADA when executing this termination. Plaintiff is a 29-year-old disabled minority Vietnamese Catholic lady born and raised in Texas. Defendant United Airlines, Inc. intentionally used the informal leave process and the toxic, unwritten "100-percent healed" policy as a pretextual mechanism to target and terminate Plaintiff based on her protected Title VII and ADA characteristics, including, race, color, national origin, religion, and status as a disabled minority in July 2025 and has been subjected to ongoing harassment. To orchestrate this wrongful firing, United Airlines Houston Director Crystal Heckman actively colluded with AFA Local Union President Elizabeth Hibbard. Furthermore, on August 05, 2025, Crystal Heckman fabricated reporting in email action (white-collar fraud); fake

emails were strategically carbon-copied (CC'd) to senior leadership, that is fake email addresses of former executive leader John Slater and Dean Whitaker in contrast to real email address of Plaintiff and Ashlee Riegler on the same email, to misrepresent facts and falsely report upward within the organizational chart of Plaintiff's termination. On August 04, 2025, Houston Manager Vaughn McCallum had an automatic email reply he was conveniently out of the office when United IT said the manager needed to reinstate Plaintiff company email that deactivated with the last company email headline and body not able to load as July 21, 2025). Plaintiff was subjected to extreme disparate treatment, harsher disciplinary standards including retaliation and termination, and a complete denial of JCBA absence point utilization compared to similarly situated employees outside of her protected classes.

11. Defendant AFA Union breached its mandatory duty of fair representation under the ADA, Title VII, the Railway Labor Act, and Labor Management Relations Act of 1947. Instead of protecting Plaintiff's contractual JCBA rights, AFA Local Union President Elizabeth Hibbard actively colluded with United Airlines manager Crystal Heckman to facilitate, permit, and execute this silent termination. The union Attorney Peter Swanson stated he was unable to help in an email and the union actively went along with the fraudulent firing. Ken Diaz ignored Plaintiff email (and Betsy Gallo letter to negatively affect Plaintiff internal file) and used a conflicting August 04, 2025 letter to execute political retaliation against executive United management John Slater, and intentionally failed to process Plaintiff's grievance (something felt wrong so Plaintiff reached out early July 31, 2025 to union and then United and the EEOC by email all day the same day), advocate for her explicit legal rights because of deep-seated

discriminatory animus tied to her status as a western term person of color (POC) religious disabled minority under Title VII and the ADA.

12. United and union is in direct dual liability for breach of contract. The JCBA Plaintiff rights explicitly states on page 147 the return-to-work process (United Airlines Inc. and Association of Flight Attendants (AFA)– CWA: 2016) and on page 148 returning to work notice is welcomed to be "earlier, if practicable":

"Return to Work

a . Upon returning from an authorized leave of absence or any extension thereof, a Flight Attendant shall be permitted to return in the same status at the same Base to which she/he was assigned prior to beginning of the leave…".

ASA REFERENCE:

United Airlines Inc. and Association of Flight Attendants (AFA)– CWA. 2016. "2016-2021
   Flight Attendant Agreement." AFA-CWA. https://cdn.afacwa.org/docs/cba/united/united-
   2016-2021.pdf

United and union quietly fired Plaintiff with the intention and knowledge of discrimination. Plaintiff's emails in July-August 2025 were ignored by leadership in authority, namely Brett Hart and Scott Kirby and Kate Gebo and HR leadership team members. After the EEOC badgered Plaintiff on January 30, 2026, Plaintiff reached out to union Houston president Elizabeth Hibbard

(did not reply to email) and Plaintiff received in February 2026 email from union Attorney Peter Swanson he was unable to help. On April 06, 2026, again by email, Plaintiff reached out to Attorney Peter Swanson (he replied he was unable to help and referred to his February 2026 email) and Houston Director Crystal Heckman (did not reply to email) about the uniforms sent after being administratively separated non-mutually, therein Plaintiff received email from Senior Investigator Jerrard (Jay) Smith when he reached out externally to Plaintiff in United's ongoing investigation. Plaintiff was a dedicated employee and scared when she asked for the restoration of her company email shakily through her personal email on July 31, 2025; there was a rumor United was toxic confirmed by John Slater's retirement announcement letter dated August 04, 2025, and then reinstatement request was met with an uphill battle of discrimination and cruel harassment (on her birthday and collections letter) rather than the professional support and professional standards to abide by the JCBA. The EEOC did not investigate Plaintiff's case and closed the case by suggesting Plaintiff to economically pursue the case herself. Management is using pretextual motives of 2023 instead of 2025 RTW paperwork to follow through with basic contractual protocols of the JCBA ratified in 2016. Plaintiff has not told any news outlets about her struggle, God is good. Plaintiff has exhausted all remedies to be fully reinstated as a flight attendant and requests the help of the Honorable Court in Texas.

PRAYERS FOR RELIEF

Plaintiff respectfully requests judgment against Defendants for:

a) An order allowing Plaintiff to proceed as a pauper (In Forma Pauperis) without prepayment of fees;

b) Full revival reinstatement with seniority status at United and to be unionized again (2026 JCBA ratified May 12, 2026 with compensation);

c) Compensatory damages for lost back pay, front pay, benefits, and emotional distress, restoring peace and reviving life (electric car with disability accommodations, house with stairs for physical therapy, Vietnamese and American weddings [even though Plaintiff been single; compensation], etc.), reverse the adverse health effects, return youth, college tuition for law school;

d) Punitive damages for willful and conscious violations;

e) Systemic oppression reform with sociological and medical evidence-based anti-discrimination training module implementation requirement for management;

f) Disability accommodation of lesser hours (if possible) and schedule lines for systemic reform to be more compassionate to professionally handle the disabled persons case by preserving employment and allow unused absence points and unused special COLA to return to work (not quietly "fire" employees then falsely report to upper management);

g) World religions education and peaceful accommodation(s) for the Catholic faith (e.g., a rosary bracelet);

h) Intercultural education on marginalized/ minority groups of the USA required for a world-class airline;

i) Any relief the Honorable Court of Texas deems just and proper.

Thank you so much, Honorable Court of Texas.

12

Respectfully submitted,

Dated: May 16, 2026

Marya Kim Pham (pro se/ pauper)

(682) 560-1210

3414 Mayflower Ct., Arlington, TX. 76014

maryakimpham@gmail.com

Mail Address Envelope:

United States District Court Clerk, Fort Worth Division

501 West 10th Street, Room 310

Fort Worth, TX 76102-3673

1. REQUEST FOR ELECTRONIC FILING PRIVILEGES TO CLERK OF THE COURT

2. CIVIL COVER SHEET (Form JS 44)

3. PAUPER FEE-WAIVER APPLICATION (Form AO-239)

4. COMPLAINT (pro se)

5. EEOC RIGHT TO SUE LETTERS (suing defendants)

EEOC No. 440-2025-10402 | FEPA No.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| CHARGE PRESENTED TO: | AGENCY CHARGE NO. |
|---|---|
| EEOC | 440-2025-10402 |
| Texas Workforce Commission Civil Rights Division | |

Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.)*: Miss Marya K. Pham

Phone No.:  682-560-1210

Year of Birth:  1996

Mailing Address: 3414 Mayflower Ct.

ARLINGTON, TX 76014

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: United Airlines

No. Employees, Members: 501+ Employees

Phone No.:

Mailing Address: 233 S WACKER DR

CHICAGO, IL 60606, UNITED STATES OF AMERICA

Name:

No. Employees, Members:

Phone No.:

Mailing Address:

DISCRIMINATION BASED ON:

Color, Disability, National Origin, Race, Religion, Retaliation, Sex

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 07/31/2025

Latest: 02/05/2026

Continuing Action

THE PARTICULARS ARE:

I began my employment with Respondent in or around January of 2019. My position title was Flight Attendant. During my employment, I informed Respondent of my disability. Subsequently, I was placed on a leave of absence. I submitted my uniform size to Respondent during my leave of absence and was placed on further leave in three-month cycles. On or about July 31, 2025, I was discharged silently due to Respondent deactivating my company email on my leave of absence and I received a 401k rollover options email on or about July 30, 2025. I complained to Respondent and requested reinstatement, but my request was denied. Since my discharge, I have been subjected to ongoing harassment and have not been restored to my January 2019 seniority or flight attendant compliant status. I believe the system is oppressive with inequalities.

I created my inquiry with the EEOC on July 31, 2025, and my interview date was January 30, 2026.

I am a minority young woman interconnected to multiple protected classes I am federally protected under the law that Respondent violated. I believe I have been discriminated against because of my race, Asian, ethnicity, Vietnamese, color, non-

Caucasian white, religion, Roman Catholic, sex, female, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I believe I have been discriminated against because of my disability, and in retaliation for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

Digitally Signed By: Miss Marya K. Pham
02/12/2026
_____
Charging Party Signature & Date

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

_____
Notarized Signature of Charging Party

Subscribed and sworn to before me this date:

Signature of Notary_____
Printed Name _____

## CP ENCLOSURE WITH EEOC FORM 5 (06/24)

### PRIVACY ACT STATEMENT

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (06/24).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| CHARGE PRESENTED TO: | AGENCY CHARGE NO. |
|---|---|
| EEOC | 440-2026-04253 |
| Texas Workforce Commission Civil Rights Division | |

Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.)*: Miss Marya K. Pham

Phone No.:          (682) 560-1210
Year of Birth:       1996
Mailing Address: 3414 Mayflower Ct.
ARLINGTON, TX 76014

---

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: ASSOCIATION OF FLIGHT ATTENDANTS/CWA

No. Employees, Members: 501+ Employees

Phone No.: (847) 292-7170

Mailing Address: 6520 N. RIVER RD. STE., 4020

ROSEMONT, IL 60018, UNITED STATES OF AMERICA

Name:

No. Employees, Members:

Phone No.:

Mailing Address:

---

DISCRIMINATION BASED ON:

Color, Disability, National Origin, Race, Religion, Retaliation, Sex

---

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 07/31/2025

Latest: 02/13/2026

Continuing Action

---

THE PARTICULARS ARE:

I became a member of Respondent in or around April of 2019. During my membership, Respondent engaged in silent collusion with management of my employer. My employee number was erased, my company email was deactivated about a week prior to July 31, 2025, and I found from emails of "Important Information Regarding Your Retirement Account" (07/30/2025 23:16). Respondent and my employer colluded to discharge me on or about July 31, 2025. JCBA Page 147 (Section 15.A.6.c), when my employer accepted my return-to-work date as 07/27/2025, mandates that employer provide training within 45 days of a notice to return with a leave end date of July 26, 2025. Respondent intentionally failed to defend these rights to silently fire me and continue to worsen the illegal activity since then to February 2026.

Respondent refused to file a grievance or initiate the mandatory procedures required to restore me to active status, despite my clear eligibility and requests, because Respondent and my employer colluded to fire me. Respondent denied the standard procedures of an 'exit interview' or formal termination notice, which allowed Respondent and my employer to bypass contractual protections. Their letter of administrative separation was dated 08/04/2026, with 07/28/2025 as well.

---

EEOC No. 440-2026-04253 | FEPA No.

Rather than representing my interests, Respondent participated in a coordinated effort to terminate my employment without cause, effectively abandoning the Duty of Fair Representation. I believe the system is oppressive with inequalities.

I believe I have been discriminated against because of my race, Asian, ethnicity, Vietnamese, color, non-Caucasian white, religion, Roman Catholic, sex, female, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I believe I have been discriminated against because of my disability, and in retaliation for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

*Marya Kim Pham*
Marya Kim Pham (Feb 18, 2026 23:41:13 CST)
Charging Party Signature & Date

---

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

Notarized Signature of Charging Party

Subscribed and sworn to before me this date:

Signature of Notary_____

Printed Name _____

## CP ENCLOSURE WITH EEOC FORM 5 (06/24)

### PRIVACY ACT STATEMENT

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (09/24).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Marya Kim Pham (pro se)

**DEFENDANTS**
United Airlines Inc. and Association of Flight Attendants-CWA

**(b)** County of Residence of First Listed Plaintiff    USA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   USA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**           **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane              ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product            Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument |   Liability              ☐ 367 Health Care/ |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &            Pharmaceutical |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
|   & Enforcement of Judgment |   Slander               Personal Injury |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'            Product Liability |  | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted |   Liability              ☐ 368 Asbestos Personal |  |   New Drug Application | ☐ 470 Racketeer Influenced and |
|   Student Loans | ☐ 340 Marine               Injury Product |  | ☐ 840 Trademark |   Corrupt Organizations |
|   (Excludes Veterans) | ☐ 345 Marine Product            Liability |  |  | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment |   Liability          **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer |
|   of Veteran's Benefits | ☐ 350 Motor Vehicle         ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) |   Protection Act |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle          ☐ 371 Truth in Lending |   Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract |   Product Liability        ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal            Property Damage |   Relations | ☐ 864 SSID Title XVI |   Exchange |
| ☐ 196 Franchise |   Injury             ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
|  | ☐ 362 Personal Injury -            Product Liability | ☐ 751 Family and Medical |  | ☐ 891 Agricultural Acts |
|  |   Medical Malpractice |   Leave Act |  | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS**       **PRISONER PETITIONS** | ☒ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights      **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff |   Act |
| ☐ 220 Foreclosure | ☐ 441 Voting             ☐ 463 Alien Detainee |   Income Security Act |   or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment         ☐ 510 Motions to Vacate |  | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 240 Torts to Land | ☐ 443 Housing/              Sentence |  |   26 USC 7609 |   Act/Review or Appeal of |
| ☐ 245 Tort Product Liability |   Accommodations        ☐ 530 General |  |  |   Agency Decision |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -    ☐ 535 Death Penalty |  |  | ☐ 950 Constitutionality of |
|  |   Employment          **Other:** | **IMMIGRATION** |  |   State Statutes |
|  | ☐ 446 Amer. w/Disabilities -    ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  |   Other             ☐ 550 Civil Rights | ☐ 465 Other Immigration |  |  |
|  | ☐ 448 Education          ☐ 555 Prison Condition |   Actions |  |  |
|  |              ☐ 560 Civil Detainee - |  |  |  |
|  |                Conditions of |  |  |  |
|  |                Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 12101 et seq. (ADA) & 42 U.S.C. § 2000e et seq. (Title VII) & 29 U.S.C. § 185 & 45 U.S.C. § 151 et seq
Brief description of cause:
Hybrid action against airline for breach of collective bargaining agreement and against union for breach of the duty c

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
To be determined
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
05/16/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

[ Print ]    [ Save As... ]    [ Reset ]

Case 4:26-cv-00611-O-BP    Document 1    Filed 05/19/26    Page 23 of 25    PageID 23

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

TO: CLERK OF COURT
RE: ORIGINAL FILING –
     MARYA KIM PHAM v.
     UNITED AIRLINES, INC. and
     ASSOCIATION OF FLIGHT ATTENDANTS-cwa

CONTENTS:

1. REQUEST FOR ELECTRONIC PRIVILEGES TO CLERK OF THE COURT

2. CIVIL COVER SHEET (FORM JS 44)

3. PAUPER FEE-WAIVER APPLICATION (FORM AO-239)

4. CIVIL COMPLAINT (PRO SE)

5. EEOC RIGHT TO SUE LETTERS (suing defendants)

6. CERTIFICATE OF INTERESTED PERSONS

7. CIVIL SUMMONS FORMS (2)

Case 4:26-cv-00611-O-BP   Document 1   Filed 05/19/26   Page 24 of 25   PageID 24

**UNITED STATES POSTAL SERVICE.**    Retail

**E**

US POSTAGE PAID

**$40.60**    Origin: 76018
05/16/26
4803320018-14

**PRIORITY MAIL EXPRESS®**

MARYA K PHAM
3414 MAYFLOWER CT
ARLINGTON TX 76014-3356
(682) 560-1210

0 Lb 7.80 Oz

RDC 07

SIGNATURE REQUIRED
RETURN RECEIPT REQUESTED

SCHEDULED DELIVERY DAY: 05/18/26 06:00 PM

C024

SHIP TO:
(682) 560-1210
UNITED STATES DISTRICT COURT CLERK
STE 310
501 W 10TH ST
FORT WORTH TX 76102-3641

**USPS SIGNATURE® TRACKING #**

9571 1105 9133 6136 5934 13

PS1000100005 9    OD: 15 x 9.5

**STATES SERVICE.®**

**PRIORITY MAIL EXPRESS®**

TE ENVEL    E



M: MARYA KIM PHAM
3414 MAYFLOWER CT., ARLINGTON, TX. 76014
UNITED STATES DISTRICT COURT CLERK, FORT WORTH DIVISION
501 WEST 10TH STREET, ROOM 310, FORT NORTH, TX. 76102-3673



RECEIVED
MAY 9 2026
CLERK U S DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**GUARANTEED* ▪ TRACKED ▪ INSURED**

For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 20 lbs.